**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4064**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER WILLIAMS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:12-cr-00499-RMG-2)

_____

Submitted: July 24, 2014                 Decided: July 28, 2014

_____

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

T. Kirk Truslow, T. KIRK TRUSLOW, P.A., North Myrtle Beach, South Carolina, for Appellant. Peter Thomas Phillips, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Williams pled guilty, pursuant to a plea agreement, to using a communication facility to facilitate the commission of a controlled substance offense and aiding and abetting the same, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 843(b) (2012). After granting Williams' motion for a downward variance, the district court sentenced Williams to thirty-seven months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Williams' guilty plea and whether Williams' sentence is reasonable. Williams was advised of his right to file a pro se supplemental brief, but he did not do so. We affirm.

Because Williams did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Williams must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, a defendant meets his burden by showing a reasonable probability

that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

After reviewing the transcript of Williams' guilty plea hearing pursuant to Anders, we conclude that the district court substantially complied with Rule 11 in accepting Williams' guilty plea and that any omission by the court did not affect Williams' substantial rights. Critically, the district court ensured that the plea was supported by an independent factual basis, that Williams entered the plea knowingly and voluntarily, and that Williams understood the nature of the charge to which he pled guilty, the maximum term of imprisonment he faced, and the rights he relinquished by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

We review Williams' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2012) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. Id. at 49-51. After reviewing the sentencing transcript pursuant to Anders, we conclude that Williams' sentence is procedurally

3

reasonable. Williams has also failed to rebut the presumption that his below-Guidelines sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (explaining presumption); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining that defendant may rebut presumption by showing "that the sentence is unreasonable when measured against the § 3553(a) factors" (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4